IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROD W. IRELAND,

        Plaintiff,                    No. CIV S-11-2447 GGH P

   vs.

VACAVILLE POLICE DEPT., et. al.,

        Defendants.           ORDER TO SHOW CAUSE

_____/

        Plaintiff, who appears to be a pretrial detainee, proceeds pro se and seeks relief pursuant to 42 U.S.C. § 1983. Plaintiff states that on August 2, 2011, Vacaville Police Officers questioned plaintiff while he was at the hospital and heavily sedated. Plaintiff states he was later arrested and at a August 12, 2011, readiness conference his public defender informed him of his admissions to police while at the hospital. Plaintiff filed the instant case on September 15, 2011, and seeks monetary damages.

        It appears that petitioner is attempting to challenge ongoing criminal proceedings against him. Principles of comity and federalism weigh against a federal court interfering with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances. Younger v. Harris, 401 U.S. 37, 43-54 (1971). Petitioner has not demonstrated the existence of extraordinary circumstances that warrant interference in the

1

ongoing state criminal proceedings. Accordingly, petitioner is ordered to show cause why this action should not be dismissed pursuant to the Younger abstention doctrine described above.[1]

Accordingly, IT IS HEREBY ORDERED that within 28 days plaintiff show cause why this action should not be dismissed pursuant to the Younger abstention doctrine.

DATED: October 4, 2011

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH: AB
irel2247.osc

---

[1] In addition any claims for monetary relief would currently be premature pursuant to Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, an Indiana state prisoner brought a civil rights action under § 1983 for damages. Claiming that state and county officials violated his constitutional rights, he sought damages for improprieties in the investigation leading to his arrest, for the destruction of evidence, and for conduct during his trial ("illegal and unlawful voice identification procedure"). Convicted on voluntary manslaughter charges, and serving a fifteen year term, plaintiff did not seek injunctive relief or release from custody. The United States Supreme Court affirmed the Court of Appeal's dismissal of the complaint and held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under 1983.

Heck, 512 U.S. at 486. The Court expressly held that a cause of action for damages under § 1983 concerning a criminal conviction or sentence cannot exist unless the conviction or sentence has been invalidated, expunged or reversed. Id. It does not appear that plaintiff has even been convicted yet.